HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE CHECHELNITSKIY, and NATALIA CHECHELNITSKIY,<br><br>    Plaintiffs,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A., et al.<br><br>    Defendants. | No. 12-cv-5557-RBL<br><br>ORDER<br><br>(Dkt. #11) |

Plaintiffs allege certain improprieties in the structure of their mortgage loan. Defendant Northwest Trustee Services, Inc., has moved to dismiss the claims, arguing that none of the alleged misconduct arises from its actions. Because the Complaint fails to allege any misconduct by Northwest Trustee, the motion is granted.

## I.   BACKGROUND

In 2008, Plaintiffs borrowed $1.27 million to purchase real estate, executing a promissory note and deed of trust in the process. (Def.'s Mot. to Dismiss, Ex. 1–2, Dkt. #11.)[1] The deed

---

[1] The Court may properly consider the Note, Deed of Trust, Assignment of the Deed of Trust, Notice of Trustee's Sale, and other exhibits because they are referenced in the Complaint, integral to the proceedings, and their authenticity undisputed. *Dent v. Cox Comm. Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) (expressly permitting district court to consider an integral and authentic document outside the pleadings) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiffs complaint necessarily relies." *Id*, *superseded by statute on other grounds as noted in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006)). The Court notes, with some confusion, that Plaintiffs seem to waver on their belief in the documents they signed. The Complaint admits Plaintiffs signed a note and deed of trust (and attach the deed), but then at times state

lists the lender as JP Morgan Chase Bank, N.A., and the trustee as First American Title. (Def.'s Mot. to Dismiss, Ex. 2.) In 2009, JP Morgan assigned its interest to Chase Home Finance, which subsequently appointed Northwest Trustee as the successor trustee. (*Id.*, Ex. 4.) Northwest Trustee scheduled a foreclosure sale for June 15, 2012. One day before the scheduled sale—June 14th—the Clark County Superior Court granted a temporary restraining order preventing the foreclosure. (*Id.* at 3.)

Plaintiffs argue that the deed is "unperfected and improperly" recorded because JP Morgan Chase "never lent its own money." (Compl. ¶ 1, Dkt. #2-1.) The Complaint contends that the loan "was funded by an undisclosed party who provided a warehouse line of credit that funded the subject transaction." (*Id.* ¶ 19.) Thus, according to Plaintiffs, the deed is unenforceable.

Further, Plaintiffs state that they have not defaulted on the loan at all.[2] (*Id.* ¶ 41.)

Northwest Trustee argues that the Complaint "fails to allege any conduct by NWTS that constitutes any violation of the WCPA." (Def.'s Mot. to Dismiss at 5.) In short, the allegations giving rise to Plaintiffs' claims relate to the lender, not the trustee.

In their response brief, Plaintiffs detail their allegations that are specific to Northwest Trustee: (1) that Northwest Trustee filed a "false and fraudulent" notice of trustee's sale; (2) that Northwest Trustee is "conducting a non-judicial foreclosure in violation of the Note, Deed of Trust, and Washington Deed of Trust Act"; and (3) that Northwest Trustee incorrectly stated the date to cure default in the notice of trustee's sale. (Pl.'s Resp. at 3, Dkt. #17.) As to the last allegation, Plaintiffs state that Northwest Trustee listed the statutory 11-day cure deadline rather than the 5-day cure deadline agreed to in the deed. According to Plaintiffs, this "could prevent Plaintiffs from re-instatement." (*Id.* at 4.)

---

that "Plaintiffs *purportedly* signed a Note and Deed of Trust." (Pls.' Resp. at 2, Dkt. #17.) The Court will disregard Plaintiffs' internal inconsistencies for the moment, given that the documents themselves are not disputed.

[2] This allegation is buried in the middle of the Complaint, which causes the Court some concern as to its veracity. The Court would remind counsel that Fed. R. Civ. P. 11 mandates that "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Given that Plaintiffs' non-default would be a complete defense against Defendants' foreclosure, the Court is forced to wonder why this seemingly crucial allegation—indeed, the single most important allegation in the Complaint—is stated only once and in paragraph 41. Further, Plaintiffs' briefing discusses at length their reinstatement deadline. (*See* Pl.'s Resp. at 4, Dkt. #17.) If Plaintiffs had not defaulted, then a discussion of reinstatement would be absurd.

## II. DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

For the most part, Plaintiffs' "specific allegations" are anything but specific.  Plaintiffs state in conclusory fashion that Northwest Trustee violated various state and federal laws.  In their briefing, however, when compelled to identify the allegations, they can only cite to broad swaths of the Complaint, which when reviewed, contain no allegations against Northwest Trustee.  The sole issue of substance appears to be Plaintiffs' contention of a conflict between the statutory cure deadline and the contractually-agreed one.

Under the Washington Deed of Trust Act, a defaulting borrower "shall be entitled" to cure his default up to 11 days before a trustee's sale. Wash. Rev. Code § 61.24.090(1). Northwest Trustee listed this 11-day deadline in the notice of trustee's sale.  (Def.'s Mot. to Dismiss, Ex. 5 ¶ V, Dkt. #11 at 42.) But, according to Plaintiffs, the deed of trust allows

Plaintiffs to cure their default up to 5 days before the trustee's sale.   Plaintiffs did not apparently read the entire paragraph, which states that borrowers:

> Shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the *earliest* of: (a) five days before sale of the Property . . . (b) ***such other period as Applicable Law might specify for the termination of Borrower's right to reinstate***.

(Def.'s Mot. to Dismiss, Ex. 2 ¶ 19 (deed of trust)).  Washington has specified an earlier termination of the right to reinstate—11 days.  There is thus no basis for Plaintiffs claim.

In any event, Plaintiffs have not alleged that they are willing or able to cure their default at all.  Thus, the Complaint contains no allegation of damages even if the cure deadline were misstated.

The remaining "allegations" against Northwest Trustee are merely legal conclusions.  For example, "Defendants made numerous misrepresentations and failed to disclose material terms as alleged." (Pl.'s Resp. at 3.)  "Defendant NWTS' actions violate the Washington Consumer Protection Act and entitle Plaintiffs to treble damages and attorney's fees." (*Id.* at 3–4.)  There are no factual contentions within these statements, and the Complaint therefore fails to state a claim against Northwest Trustee.

### III.   CONCLUSION

For the reasons stated above, Northwest Trustee's motion to dismiss (Dkt. #11) is **GRANTED**, and it is dismissed from this action.  The claims against JP Morgan Chase Bank, N.A., and Chase Home Finance, LLC, remain.

Dated this 8th day of November, 2012.

_____
Ronald B. Leighton
United States District Judge